United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2852
_____

Barbara J. Barth,                    *
                                     *
            Petitioner,              *
                                     *    Appeal from the Railroad
      v.                             *    Retirement Board.
                                     *
Railroad Retirement Board,           *    **[UNPUBLISHED]**
                                     *
            Respondent.              *

_____

Submitted: January 15, 1998
      Filed:  February 13, 1998
_____

Before LOKEN, FLOYD R. GIBSON, and MURPHY, Circuit Judges.
_____

PER CURIAM.

A section of the Railroad Retirement Act, 45 U.S.C. § 231b(f)(1), contains a complex formula that limits a retired employee's annuity benefits to a percentage of "final average monthly compensation." Final average monthly compensation is determined "by dividing the total compensation received by such individual in the two calendar years, consecutive or otherwise, in which [she] was credited with the highest total compensation during the ten-year period ending with December 31 of the year in which such individual's annuity . . . begins to accrue by 24."

Barbara J. Barth applied for benefits in 1994. The above formula adversely affected her benefits because she stopped working in 1986, when her husband retired, which means that she had worked only fourteen months in the ten years prior to her annuity beginning to accrue. Barth's administrative appeals were rejected by a hearing officer and the Railroad Retirement Board. She now appeals to this court, as 45 U.S.C. § 231g allows. Barth argues that the statutory formula is "flawed" as applied to this thirty-year railroad employee. To correct the flaw, she contends that we should change the way her "final average monthly compensation" is determined, either by looking back ten years and ten months to calculate the "total compensation" numerator, or by adjusting the twenty-four-month denominator to fourteen. After careful consideration, we agree with the Board's General Counsel that the statutory formula is unambiguous in this regard and was correctly applied in this case. Like the Board, we may not rewrite an unambiguous statute.

Accordingly, the decision of the Railroad Retirement Board is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.